UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LOUISIANA-PACIFIC CORP.
TRIMBOARD SIDING MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                                    MDL No. 2366

ORDER DENYING TRANSFER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Eastern District of North Carolina *Hart* action move to centralize this litigation in that district. This litigation currently consists of five actions pending in five districts, as listed on Schedule A.[1] Two responding plaintiffs support centralization, but one suggests that the Western District of New York is an equally appropriate transferee district. Defendant Louisiana-Pacific Corporation opposes centralization.

After considering the argument of counsel, we will deny the motion. Although these actions involve common questions of fact arising out of allegations of defects in defendant's Trimboard exterior siding products, we find that centralization at this time will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Pretrial proceedings have been ongoing in the Eastern District of North Carolina for over three years, a statewide class has been certified, and nonexpert fact discovery has been substantially completed. In contrast, the four actions that the movants seek to transfer all were filed in the last four months and no discovery has yet taken place. Where there is such a significant procedural disparity among the subject actions, the Panel will take a close look at whether movants have met their burden of demonstrating that centralization will still serve the purposes of Section 1407. *See In re Qwest Commc'ns Int'l, Inc., Sec. & ERISA Litig.*, 395 F. Supp. 2d 1360, 1361 (J.P.M.L. 2005) (emphasizing, in denying centralization, that "pretrial proceedings ha[d] been ongoing . . . for over four years" and a limited number of actions were involved); *see also In re Table Saw Prods. Liab. Litig.*, 641 F. Supp. 2d 1384, 1384-85 (J.P.M.L. 2009) (emphasizing, in denying centralization, that "[a] significant number of the actions [were] substantially advanced" and "[o]ther actions were only recently commenced").[2] Movants have failed to meet that burden here.

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] The Panel has been notified that two additional related actions are pending against defendant in the Western District of Michigan and Middle District of Florida.

[2] Movants argue that we should follow the logic and result in *In re MI Windows and Doors, Inc., Prods. Liab. Litig.*. — F. Supp. 2d —, 2012 WL 1495303 (J.P.M.L. Apr. 23, 2012), where we did centralize. Certainly the two cases have similarities. However, in *MI Windows and Doors*, the Panel specifically found that "centralized proceedings will provide for the efficient conduct of discovery," and the longest pending action was in the very early stages of discovery. *Id.* at *1. For the reasons particular to the context of this case, we cannot say the same here.

-2-

Specifically, we considered how centralization would lead to the just and efficient litigation of the *Hart* action, in light of the advanced stage of that action and defendant's objection that centralization will result in substantial delays to the completion of expert discovery and an anticipated early 2013 trial date.  The efficiencies that could be achieved in the newly filed actions are apparent, but we are not convinced, even after oral argument, of how centralization would benefit the significantly more advanced *Hart* action pending in the proposed transferee district.  These circumstances raise the concern that the request to centralize in E.D. North Carolina, where class certification has been granted, is based on considerations that are not entirely consistent with the purposes of Section 1407.  *See In re CVS Caremark Corp. Wage and Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010) ("[T]he Panel's primary purpose is not to divine the motives and strategies of the various litigants . . . . Nevertheless, where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it.").

We further note that plaintiffs in some of the actions share counsel, and defendant is represented by the same counsel in all actions.  Given this overlap and the limited number of actions, we believe that informal cooperation is practicable and will avoid duplicative proceedings.  *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act Litig.*, 763 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2011).  For all of the foregoing reasons, we find that the purposes of Section 1407 would not be served by granting centralization.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro           Marjorie O. Rendell
Charles R. Breyer

IN RE: LOUISIANA-PACIFIC CORP.
TRIMBOARD SIDING MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                              MDL No. 2366

## SCHEDULE A

<u>Middle District of Florida</u>

Douglas A. Prevett v. Louisiana-Pacific Corp., C.A. No. 6:12-00348

<u>Southern District of Iowa</u>

Alan Todd Brown v. Louisiana-Pacific Corp., C.A. No. 4:12-00102

<u>Western District of New York</u>

Bristol Village, Inc. v. Louisiana-Pacific Corp., et al., C.A. No. 1:12-00263

<u>Eastern District of North Carolina</u>

Gwen Hart, et al. v. Louisiana-Pacific Corp., C.A. No. 2:08-00047

<u>Northern District of Ohio</u>

Jason Holbrook v. Louisiana-Pacific Corp., et al., C.A. No. 3:12-00484