IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:08-CV-47-BO

GWEN HART, JOSEPH DRUTHER,      )
LUCILLE DRUTHER, EDWARD         )
WUELLNER, and JENNIFER          )
WUELLNER, individually and on behalf )
of all others similarly situated,   )
                    Plaintiffs,     )
                                    )
        v.                          )        O R D E R
                                    )
LOUISIANA-PACIFIC CORPORATION,  )
                    Defendant.      )


This cause comes before the Court on multiple pending motions. For the reasons

discussed below, defendant's motion for summary judgment is granted, the class is decertified,

and the remaining motions are denied as moot.

## BACKGROUND

The Court hereby incorporates by reference as if fully set forth herein its recitation of the

facts and procedural history of this action as set out in its previous orders. This matter was

scheduled to proceed to trial during the Court's August 2013 term, but the trial was continued in

light of multiple motions filed. Pending are plaintiffs' motion for trial phasing and defendant's

motion for reconsideration of the Court's order denying partial summary judgment and declining

to decertify class, as well as defendants' motion to expedite consideration of the pending motions

in light of trial and now, most recently filed, defendant's motion for summary judgment. The

Court addresses first the motion for summary judgment.

## DISCUSSION

Defendant contends that a recent decision of the North Carolina Court of Appeals clarifies that the named plaintiffs' claims are barred by the applicable statute of repose under North Carolina law. "Summary judgment is proper if the pleadings or proof show without contradiction that the statute of repose has expired." *Bryant v. Don Galloway Homes, Inc.*, 147 N.C. App. 655, 657 (2001) (citation omitted). Although the deadline for filing dispositive motions has passed, the Court finds it appropriate to consider defendant's motion as it raises not merely a defense but the absence of a "condition precedent to [plaintiffs'] right to maintain a lawsuit." *Tipton & Young Const. Co. Inc. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 117 (1994). Furthermore, a court may reconsider its own orders entered before entry of final judgment. Fed. R. Civ. P. 54(b).

The Court previously addressed defendant's argument regarding the application of the statute of repose in its order denying defendant's motion for partial judgment on the pleadings and motion for judgment on the pleadings [DE 47]. There, the Court found that, because an express warranty is contractual in nature, a claim for breach of an express warranty may be brought after the expiration of the applicable six year statute of repose if the express warranty period extends beyond the statute of repose. Distinguishing a 2008 North Carolina Court of Appeals opinion, *Roemer v. Preferred Roofing*, 190 N.C. App. 813 (2008), this Court further held that because the express warranty at issue here provides that damages are the only remedy available, plaintiff Hart was not limited to specific performance as a remedy for her breach of

2

warranty claim.[1]

On July 16, 2013, a panel of the North Carolina Court of Appeals, instructed by *Roemer*, held that, even in the face of an express warranty that includes a longer term, "a plaintiff whose action is not filed within the time set forth in the statute of repose has *no* cause of action for damages." *Christie v. Hartley Const., Inc.*, 745 S.E.2d 60, 63 (N.C. App. 2013) (emphasis added). "[F]ederal courts, under the doctrine of *Erie* . . . must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently." *Assicurazioni Generali, S.p.A. v. Neil*, 60 F.3d 997, 1002 (4th Cir. 1998) (quoting *Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467 (1940)). The Court has been presented with insufficient evidence to find that the North Carolina Supreme Court would decide this issue differently.

It is undisputed that this suit was filed beyond the six-year statute of repose applicable to the claims of the named plaintiffs. Defendant's express warranty provides that the "sole available remedy" is that defendant "will pay an amount equal to the cost of replacing any such failed Product" or up to twice the cost of replacing the failed product, depending on the year of the warranty. Although plaintiffs request "specific performance" of the warranty provision remedying breach, at bottom such provision, as this Court has previously held, is one for damages. As recently clarified by the North Carolina Court of Appeals, any action for damages brought outside of the statute of repose is barred. Summary judgment is therefore appropriate as to the claims of the named plaintiffs.

---

[1]On September 21, 2009, plaintiff Hart along with plaintiffs Druther and Wuellner filed an amended class action complaint.

3

## Decertification of the Class

The Court is persuaded by defendant's argument that decertification of the class is appropriate in light of *Christie*. Plaintiffs assert a claim for breach of express warranty, and application of *Christie* provides that those class members who would bring claims within the statute of repose would be permitted to seek damages under the existing or reformed warranty while those bringing claims outside of the statute of repose would not. The underlying basis for this Court's certification of the class was its finding that the statute of repose would not bar an action for damages brought under the express warranty, meaning that the named plaintiffs and any class member who purchased Trimboard within the last ten years would have standing to bring an action alleging breach of the express warranty.

*Christie* now directs that the statute of repose *does* bar an action for damages, even if the terms of the warranty extend beyond the applicable period of repose. Therefore, the task of determining which plaintiffs would be permitted to bring an action for damages would necessarily require an individualized determination of "the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement." N.C. Gen. Stat. § 1-50(a)(5). The necessity for such a determination does in fact destroy "typicality, . . . predominance, [and] otherwise foreclose class certification." *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 427-28 (4th Cir. 2003). Accordingly, pursuant to Rule 23(c)(1)(3) of the Federal Rules of Civil Procedure and in light of the Court's broad discretion to certify or decertify a class action, *Ward v. Dixie Nat. Life Inc. Co.*, 595 F.3d 164, 179 (4th Cir. 2010), the class certified by this Court's July 18, 2011, order is hereby DECERTIFIED. Members of the former class may proceed with their claims solely on an individual basis.

4

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion for summary judgment [DE 208] is GRANTED.

Defendant's renewed request to decertify the class is hereby ALLOWED. Class counsel is hereby DIRECTED to notify the class pursuant to Rule 23(c)(2)(B) that class has been decertified and that each member may proceed with their claims on an individual basis.

All other pending motions [DE 184, 199 & 203] are DENIED AS MOOT.

The clerk is DIRECTED to close this case.

SO ORDERED, this **30** day of August, 2013.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5