IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:08-CV-0047-BO

GWEN HART, JOSEPH DRUTHER, )
LUCILLE DRUTHER, EDWARD WUELLNER, )
and JENNIFER WUELLNER, individually and )
on behalf of all others similarly situated, )
)
                Plaintiffs, )
)
                v. )
)
LOUISIANA-PACIFIC CORPORATION, )
)
                Defendant. )
_____)

**MEMORANDUM IN SUPPORT PLAINTIFFS' RULE 60(d) MOTION FOR RELIEF FROM JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO RECONSIDER THE COURT'S SEPTEMBER 3, 2013 ORDER**

On July 13, 2013, Defendant Louisiana-Pacific Corporation ("LP") moved for summary judgment arguing that the recently decided opinion in *Christie v. Hartley Const., Inc.*, COA12-1385, 2013 WL 3663433 (N.C. Ct. App. July 16, 2013), barred Plaintiffs' action by operation of North Carolina's six year statute of repose. (DE# 209). On July 2, 2013, LP filed its Memorandum in Opposition to Plaintiffs' Motion for Approval of Trial Phasing and in Support of its Renewed Motion to Decertify or, in the Alternative, Motion for Class Action Trial Management Plan. (DE # 202.) LP did not cite *Christie* in its Renewed Motion to Decertify as a basis for decertification, and the parties have therefore not briefed this issue. Nonetheless, the Court granted LP's motion to decertify on the basis of *Christie*, finding its application to this case would "necessarily" cause individual issues to predominate over the common issue of unconscionability:

> *Christie* now directs that the statute of repose *does* bar an action for damages, even if the terms of the warranty extend beyond the applicable period of repose. Therefore,

the task of determining which plaintiffs would be permitted to bring an action for damages would necessarily require an individualized determination of "the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement." N.C. Gen. Stat. § 1-50(a)(5). The necessity for such a determination does in fact destroy "typicality, ... predominance, [and] otherwise foreclose class certification." *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 427-28 (4th Cir. 2003).

September 3, 2013 Order at p. 4.

Individual issues, such as related to the statute of repose, do not defeat predominance in this case, nor have they in a number of other putative class actions. Here, the determination of whether installation of Trimboard on a particular class member's home was substantially completed before the statute of repose barred an action is not complex. This lawsuit was filed on October 22, 2008; therefore, any class member whose home was completed after October 22, 2002, would not be affected by the statute of repose under this Court's interpretation of *Christie*, and would have a viable claim under his warranty as reformed by this Court.

While Plaintiffs still disagree with this Court's application of *Christie* to dismiss the named class representatives,[1] the Court is clearly in error to extend that ruling to decertify the class and bar the claims of class members not affected by the statute of repose. Indeed, in *Ellis v. Louisiana-Pacific Corp.*, 699 F.3d 778 (2012), the Fourth Circuit explicitly recognized that Appellants Bianca Ellis and Mark and Jaqueline Sroka, who were not affected by the statute of repose in their suit over Trimboard, had an adequate remedy that they should pursue as class members in the *Hart* litigation. ("Appellants allege that LP knew that Trimboard would not live up to the terms of the warranty and should have disclosed this fact to consumers, but this is simply another way of claiming that LP breached its express warranty to consumers the claim

---

[1] Regardless of this Court's ruling in its November 17, 2009 Order (DE # 47) that this is an action for damages, Plaintiffs have trimmed their claims to encompass only reformation of the warranty. While the warranty does provide for monetary awards to claimants, the awards are made by LP, not by the Court. Therefore, Plaintiffs contend, this is no longer an action for damages subject to the statute of repose.

2

Appellants are pursuing in the *Hart* action.") *Id.* at 787. This should allow Ellis, Sroka or similarly-situated class members to substitute for the dismissed class representatives to pursue this case on behalf of those class members not barred by the statute of repose under this Court's reading of *Christie*. Moreover, since the only issue before the Court is the unconscionability of the warranty, such substitution would not create new issues for the Court to resolve.

I.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). While this catch-all reason includes few textual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (citations omitted). The Fourth Circuit thus requires that, "in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on 'just terms' and within 'a reasonable time,' the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id.* at 501.

While the Federal Rules of Civil Procedure do not address motions for reconsideration, the filing of such motions are common in federal courts. *See Hinton v. Henderson*, w3:10CV505, 2011 WL 2142799, at * 1 (W.D.N.C. May 31, 2011); *DirecTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004); *Wiseman v. First Citizens Bank & Trust Co.,* 215 F.R.D. 507, 509 (W.D.N.C. 2003) (Thornburg, J.). Courts allow motions to reconsider in limited circumstances. *Id.* The reason for limitations on motions to reconsider is to "ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court. To

3

allow motions to reconsider offhandedly or routinely would result in an unending motions practice." *North Carolina v. Tenn. Valley Auth.*, No. 1:06CV20, 2008 WL 2115159, at *2 (W.D.N.C. 2008) (internal quotations omitted). Thus a motion for reconsideration is appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court or by the parties, or has made an error not of reasoning but of apprehension . . ." *Wiseman*, 215 F.R.D. at 509.

As demonstrated below, Plaintiffs respectfully submit that they meet either of the above standards for relief under Rule 60(d) or for reconsideration.

## II. ARGUMENT

### A. The Court Erred In Holding That Individual Determinations Relating To The Statute of Repose Defeat Predominance And Foreclose Class Certification.

The Plaintiffs respectfully submit that the Court misapprehended the reasoning of *Gunnells v. Healthplan Services, Inc*., 348 F.3d 417 (4th Cir. 2003), and therefore erred in decertifying the class. The Court held in its September 3, 2013 Order that the *Christie* decision mandated decertification because individual determinations relating to the statute of repose "destroy 'typicality, ... predominance, [and] otherwise foreclose class certification.' September 3, 2013 Order at p. 4 (*quoting Gunnells*, 348 F.3d at 427-28). Yet, the Fourth Circuit in *Gunnells* said just the opposite, holding that "Rule 23 contains *no suggestion* that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification. In fact, Rule 23 explicitly envisions class actions with such individualized damage determinations." *Id*. at 428 (emphasis added). Pursuant to *Gunnells*, affirmative defenses, such as individual statute of repose determinations, *do not* defeat

4

predominance or otherwise preclude class certification, especially here where the Plaintiffs and the class are not seeking damages, but rather solely reformation of LP's warranty.

There is a legion of authority for the proposition that the need for individualized statute of limitations inquiries does not *necessarily* defeat predominance or otherwise foreclose class certification. For example, in *Brooks v. GAF Materials Corp.*, 8:11-CV-00983-JMC, 2012 WL 5195982 (D.S.C. Oct. 19, 2012), *clarified on denial of reconsideration,* 8:11-CV-00983-JMC, 2013 WL 461468 (D.S.C. Feb. 6, 2013) (attached as Exhibit 1, hereto), the court addressed this very issue and held that it did not preclude class certification. The plaintiffs in *Brooks*, like in this action, claimed that the defendant knowingly manufactured, deceptively marketed, and intentionally sold a defective construction product. *Id.* The defendant argued that its affirmative defenses, including the statute of limitations, would require individualized determinations that should preclude class certification. *Id*. at * 8. The court, citing *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 327-28 (4th Cir. 2006) found that "*such inquiries do not prevent class certification* and the statute of limitations is not a complete bar to class certification in the Fourth Circuit." *Id.* (emphasis added). In reaching this determination, the *Brooks* court held that, the "paramount concern for the court is not merely the number of individual inquiries that may be required, but rather whether the nature of the individual inquiries involved is so complex as to outweigh the nature of the common issues sought to be resolved by class treatment." *Id*., *citing Gunnells*, 348 F.3d at 429 (holding that multiple individual inquiries into causation will not defeat class certification where common issues predominate) and *In re American Honda Motor Co., Inc. Dealers Relations Litig*., 979 F.Supp. 365, 366–67 (D.Md.1997) (noting that predominance is a qualitative rather than a quantitative inquiry).

5

The *Brooks* court correctly interpreted *Gunnells*, finding that its statement that "we have flatly held that 'when the defendants' affirmative defenses ... may depend on facts peculiar to each plaintiff's case, class certification is erroneous.'" *Gunnells*, 348 F.3d at 438 (*quoting Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331 (4th Cir.1998)) "has been taken out of context." *Brooks,* 2012 WL 5195982 at * 8, n. 7. The court reasoned that "[c]ertainly, when the claim filed is not a broad allegation of the same action by the defendant causing harm to many individual plaintiffs, the defendant's actions towards each individual and that person's response tend to predominate, and class certification is not appropriate." *Id*. (*citing Broussard*, 155 F.3d at 343–44 (determining that the class decertified was a hodgepodge of factually and legally different plaintiffs, and that therefore, the disparate nature of the claims precluded class treatment); *Thorn*, 445 F.3d at 323 (finding that the proposed class members were not so homogeneous that they all received notice of the defendant's illegal practice at the same time and were affected in the same manner). However, the *Brooks* court found the that the instant case was factually distinguishable because, as here, the plaintiffs alleged that a singular action (the knowing manufacture and sale of a defective product) harmed all class members in the same manner (the [product] cracked and caused similar damage to their homes). This is an appropriate "common" determination for class certification. *Brooks,* 2012 WL 5195982 at * 8, n. 7, *citing Gunnells*, 348 F.3d at 424–25; *Brunson v. Louisiana-Pac. Corp.*, 266 F.R.D. 112, 119 (D.S.C. 2010); *Thomas v. Louisiana-Pac. Corp.*, 246 F.R.D. 505, 516-17 (D.S.C. 2007).

In finding the predominance requirement met, the *Brooks* court stated that "[a]bsent class certification, each potential plaintiff would be required to repetitively litigate these allegations involving common issues of law and facts using repetitive testimony from the same witnesses and experts and duplicative arguments from counsel, which may result in potentially

incongruous rulings." *Brooks,* 2012 WL 5195982 at * 8 "It seems the most efficient and expedient way of handling the matter is to certify the redefined class for the common issues and allow individual determinations of affirmative defenses and individual damages where necessary. Accordingly, although the affirmative defenses may need to be handled individually, they will not bar class certification." The *Brooks* case is completely analogous to the case at bar, and the same result should follow here for the same reasons set forth in *Brooks*.

Other jurisdictions have similarly concluded that potential individual inquiries relating to affirmative defenses do not automatically defeat class certification. *See e.g.*, *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 39 (1st Cir. 2003) (collecting authority and noting that "[c]ourts traditionally have been reluctant to deny class action status under Rule 23(b)(3) simply because affirmative defenses may be available against individual members."); *Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000) ("Although a necessity for individualized statute-of-limitations determinations invariably weighs against class certification under Rule 23(b)(3), we reject any per se rule that treats the presence of such issues as an automatic disqualifier. In other words, the mere fact that such concerns may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones. As long as a sufficient constellation of common issues binds class members together, variations in the sources and application of statutes of limitations will not automatically foreclose class certification under Rule 23(b)(3)"); *Cameron v. E.M. Adams & Co.*, 547 F.2d 473, 478 (9th Cir.1976) ("The existence of a statute of limitations issue does not compel a finding that individual issues predominate over common ones. Given a sufficient nucleus of common questions, the presence of the individual issue of compliance with the statute of limitations has not prevented certification of class actions in securities cases"); *Keegan v. Am.*

7

*Honda Motor Co., Inc.*, 284 F.R.D. 504, 545 (C.D. Cal. 2012) *leave to appeal denied*, 12-80138, 2012 WL 7152289 (9th Cir. Nov. 9, 2012) (finding predominance requirement met and certifying class and despite individual statute of limitations issues); *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 767 F. Supp. 2d 263, 273 (D. Mass. 2011) (holding that defendant's asserted statute of limitations defense does not defeat class certification). Accordingly, this Court should find that the mere fact that individual statute of repose issues may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones.

> **B.** **The Court Should Allow The Plaintiffs To Substitute New Class Representatives.**

While the Court has granted summary judgment against the named Plaintiffs under *Christie*, summary judgment cannot be granted as to the remaining unnamed class members who are not affected by the statute of repose. Indeed, where the class representatives are found to be inadequate for any reason, the claims of absent class members remain viable independently from those of the class representatives. Newburg on Class Actions, § 2:28 (4th Ed. 2002); *see also Sosna v. Iowa*, 419 U.S. 393, 399 (1975) ("When the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interests asserted by the appellant"); *Vaughns v. Board of Education of Prince Georges County*, 574 F. Supp. 1280 (D. Md. 1983), *order aff'd in part, rev'd in part on other grounds*, 758 F. 2d 983 (4th Cir. 1985) (even where the class representatives no longer have live stakes in the litigation, the case is not moot and new class representatives should be appointed); *Reynolds v. Sheet Metal Workers, Local 102*, 702 F. 2d 221 (D.C. Cir. 1981) (once a class is certified, it continues to exist apart from the named plaintiffs' interest, and attacking that interest would not affect the remaining class).

In is well-settled in the Fourth Circuit that substitution of class representatives is appropriate in circumstances like here. For instance, in *Int'l Woodworkers of Am.,* an employment discrimination action, the district court denied class certification summarily and without explanation. However, on appeal, the Fourth Circuit found that the district court acted prematurely in denying class certification and remanded the case to the district court to "*permit a proper plaintiff or plaintiffs ... to present themselves to the court to pursue the claim as class representatives.*" *Int'l Woodworkers,* 659 F.2d at 1270 (*citing Goodman v. Schlesinger,* 584 F.2d 1325, 1332–33 (4th Cir.1978) (emphasis added). *Int'l Woodworkers of Am.* was also cited by *Dameron v. Sinai Hosp. of Baltimore, Inc.*, 595 F. Supp. 1404, 1409 (D. Md. 1984) in holding that if the current class representative's claims were barred by the statute of limitations, another could step forward. *Id.* at 1409.

In *Goodman*, the district court denied the plaintiffs' motion for class certification on the grounds that the plaintiffs did not comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.*, 584 F.2d at 1327. At trial on the plaintiffs' individual claims, the district court found against the plaintiffs and denied their individual claims. *Id.*, 584 F.2d at 1329-1331. On appeal, the plaintiffs challenged the district court's rulings on both the denial of class certification and the dismissal of the individual claims. While the Fourth Circuit affirmed the dismissal of the plaintiffs' individual claims and noted that the plaintiffs "have had their day in court" to pursue their individual claims, the court determined that the district court acted prematurely in declining to certify the class action. The Fourth Circuit then remanded the class action to the district court to retain the case on the docket for a reasonable time to permit a proper plaintiff or plaintiffs, with grievances similar to [the plaintiffs on appeal], in person, to present himself to prosecute the action as class representative. *Goodman*, 584 F.2d at 1331-1333;

9

*see also Cox v. Babcock and Wilcox Co.*, 471 F.2d 13, 16 (4th Cir.1972) (remanding to allow counsel a "reasonable time" to find new plaintiffs with live claims).

Accordingly, under long-standing Fourth Circuit precedent, Plaintiffs should be permitted to substitute new class representatives in order to efficiently prosecute this action.

## III. CONCLUSION

For the foregoing reasons, the Court should reverse its Order decertifying the class and allow the Plaintiffs to substitute new class representatives.

This the 17th day of September, 2013.

Respectfully submitted,

/s/ Daniel K. Bryson
Daniel K. Bryson (NC Bar # 15781)
Scott C. Harris (NC Bar # 35328)
WHITFIELD BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
Tel: (919) 600-5000
Fax: (919) 600-5035
Email: dan@wbmllp.com

Joel R. Rhine (NC Bar # 16028)
Jean S. Martin
RHINE LAW FIRM 314 Walnut Street
Wilmington, NC 28401
Tel: (910) 772-9960
Fax: (910) 772-9062
Email: jrr@lrlawfirm.com

Auley M. Crouch, III
Christopher K. Behm
BLOCK, CROUCH, KEETER,
BEHM & SAYED, LLP
PO Box 4
Wilmington, NC 28402
Tel: (910) 763-2727
Fax: (910) 762-6429
Email: cbehm@bcklawfirm.com

Of Counsel:

Gary E. Mason
Nicholas A. Migliaccio
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Avenue, NW
Suite 605
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 429-2294
Email: gmason@wbmllp.com

Charles A. Schneider
Martha B. Schneider
Of Counsel to:
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Avenue, NW
Suite 605
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 429-2294
Email: cschneider@wbmllp.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       The undersigned certifies that a copy of the foregoing pleading was served upon all other parties to this action or their attorneys of record via the Court's CM/ECF system:

Richard T. Boyette
CRANFILL, SUMNER & HARTZOG, LLP
P.O. Box 27808
Raleigh, NC 27611-7808
Email: rboyette@cshlaw.com

James E. Weatherholtz
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
P.O. Box 999
Charleston, SC 29402
Email: jweatherholtz@buistmoore.com

John Parker Sweeney
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L. Street, NW, Suite 1350
Washington, DC 20036
Email: jsweeney@babc.com

       This the 17th day of September, 2013.

                                         /s/ Daniel K. Bryson
                                         Daniel K. Bryson
                                         WHITFIELD, BRYSON & MASON, LLP
                                         900 W. Morgan St.
                                         Raleigh, NC 27603
                                         Tel: (919) 600-5000
                                         Fax: (919) 600-5035
                                         Email: dan@wbmllp.com
                                         *Attorneys for Plaintiffs*