## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## NORTHERN DIVISION
## NO. 2:08-CV-47-BO

GWEN HART, *et al.*,                         )
                    Plaintiffs,              )
                                             )
        v.                                   )        O R D E R
                                             )
LOUISIANA-PACIFIC CORPORATION,               )
                    Defendant.               )

This cause comes before the Court on plaintiffs' motion for relief from judgment

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,[1] or in the alternative to reconsider

the Court's September 3, 2013, order.

## DISCUSSION

The Court dispenses with a recitation of the factual background of this case, and

incorporates by reference the facts as discussed in its previous orders. The relevant procedural

history is as follows. On September 3, 2013, the Court granted defendant's motion for summary

judgment in light of persuasive authority from the North Carolina court of appeals, decertified

the class, and closed the case. Plaintiffs seek relief from that order under Rule 60(b)(6) of the

Federal Rules of Civil Procedure, which provides that a court may relieve a party from a final

judgment for any reason, other than those provided in sections one through five, that justifies

relief. Plaintiffs further ask the court to reconsider its order, citing no authority in the rules for

such reconsideration. Plaintiffs ask that the class be recertified, that class members whose claims

---

[1]Though plaintiffs' motion refers to Rule 60(d), the arguments presented in support of
their motion make clear they seek relief under Rule 60(b). Further, the Court would find no basis
under Rule 60(d) upon which it could grant relief to plaintiffs.

would fall within the applicable statute of repose be substituted as plaintiffs, and that this case be permitted to proceed. Several days after filing the instant motion, plaintiffs noticed a direct appeal. Because the Court has determined that plaintiffs' motion is meritless, it denies the motion forthwith. *Fobian v. Storage Technology Corp.*, 164 F.3d 887, 891 (4th Cir. 1999).

Relief under Rule 60(b)(6) is allowed only under truly extraordinary circumstances. *Lijeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988); *see also Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (en banc). Moreover, a Rule 60(b)(6) motion must be based on just terms, such that "the party filing the motion [must] have a meritorious claim or defense and [] the opposing party not be unfairly prejudiced by having the judgment set aside." *Aikens*, 652 F.3d at 501. "If the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," it will be determined to be an "inappropriate substitute for an appeal." *Id.*

Plaintiffs have not identified any extraordinary circumstances that would provide a basis for this Court to reconsider or amend its final order in this matter. Extraordinary circumstances justifying relief from judgment under 60(b)(6) have been found where parties have not been provided notice of entry of final judgment, *Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5 (5th Cir. 1970), or where a lawyer who did not represent a defendant filed an answer on that defendant's behalf. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d. 262 (4th Cir. 1993). Though plaintiffs contend that the Court's decertification of the class was error and an abuse of its discretion, they have failed to demonstrate that relief under Rule 60((b)(6) is warranted or why the issue of decertification is not more appropriately considered on appeal. Indeed, the "most common 'other reason' for which courts have granted relief is when the losing party

2

fails to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2864 (3d ed.). Here, plaintiffs have received notice of the entry of judgment and have in fact noticed an appeal. Thus, the Court concludes that their Rule 60(b)(6) motion is an inappropriate substitute and that their claims are better raised on appeal.

Plaintiffs further ask the Court to reconsider its September 3, 2013, order. Courts have determined that reconsideration may be appropriate under limited circumstances to correct manifest errors of law or to consider newly discovered evidence. *Wiseman v. First Citizens Bank & Trust Co,*, 215 F.R.D. 507, 509 (W.D.N.C. 2003); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985). Plaintiffs have failed to identify a manifest error of law or any newly discovered evidence that would change the Court's ruling. At bottom, plaintiffs now ask the Court "to rethink what the Court ha[s] already thought through – rightly or wrongly," which is an improper basis for a motion to reconsider, *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983), especially in light of plaintiffs' pending appeal.

Plaintiffs have failed to demonstrate extraordinary circumstances that would justify relief under Rule 60(b)(6), nor have they identified any manifest error of law or any newly discovered evidence. Their motion pursuant to Rule 60(b)(6) or in the alternative to reconsider [DE 219] is therefore DENIED.

SO ORDERED, this **12** day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3